Salem v. The Attorney Registration and Disciplinary Commission is our final case of the morning. Good morning, Mr. Honors, and may it please the Court. We will call you when you are ready, when we are ready. Mr. Salem. Thank you, Your Honor, and may it please the Court. My name is Maurice Salem. I'm the appellant in this case. Your Honors, we've read the briefs in this case, and we have an understanding of what this case entails. But today, Your Honors, if you go on the ARDC website, you'll see them telling the entire world that Attorney Salem's law license was suspended because he was dishonest to the public. Now, I believe the two questions that the public listening on YouTube would want answered is how or who made that determination, and how was it made? Now, in this case, there is only one fact-finding hearing or trial that took place. That was in October of 2017. You had a hearing board where you had witnesses. Mr. Salem. Yes, Your Honor. What has any of this to do with the Constitution? The Supreme Court has held that defamation does not violate the 14th Amendment, period. This is not a defamation claim, Your Honor. This is a claim of defamation. You're seeking to avoid basing it in state tort law. It's a defamation claim, and the Supreme Court has held that the Constitution just doesn't deal with defamation. It's a state law issue. I agree with that, Your Honor. I'm glad you agree with the Supreme Court. I do, Your Honor. If you give me an opportunity, I can proceed and explain to the court. There was only one fact-finding hearing that took place. Well, first of all, my claim is a discrimination of a class of one where there's ill will and malice, and in the Willow case, which this court started, that is a claim, and that's what was pending before the district court. So the issue is whether or not the administrator had ill will and malice. That's what you need to determine. Now, are you even aware of Paul v. Davis, the Supreme Court case to which I'm referring? Vaguely, Your Honor. What is your point? Ill will was alleged in Paul v. Davis. It was alleged that there was a gratuitous, completely outrageous falsehood that was actually put up on posters rather than just on an Internet site, and the Supreme Court said that kind of behavior does not violate the Constitution. And here we have a similar claim by somebody who is simply ignoring the decision of the Supreme Court. That gives me some pause. Well, Your Honor, the point is substantive due process claim cannot be ignored because the hearing board issued censure, and no other case where an attorney received censure was like mine. In all other cases where censure was recommended, there was an attorney who did something intentional for profit. In my case, the hearing board found that there was no intentional violation and no profit. Now, Your Honor, when they filed the motion for leave to appeal in the Illinois Supreme Court, all the Illinois Supreme Court did, didn't grant the motion or anything. They just simply increased the punishment to the second most severe punishment next to disbarment. Why didn't you file an answer to the ARDC's petition? This is the first time I went in front of the Illinois Supreme Court. I'm familiar with the U.S. Supreme Court, Your Honor. Now, the reason I didn't file an answer is because no answer was required, Your Honor. And the petition that the administrator's counsel filed in the Illinois Supreme Court was so ridiculous and frivolous, it was sanctionable, and I was shocked. You would have had the opportunity to have your arguments heard before the Illinois Supreme Court if you had filed an answer. Right, Your Honor. But no answer was required, and I thought the Illinois Supreme Court was going to act like the U.S. Supreme Court. Unfortunately, it did not. But the important thing, Your Honor, is that by issuing the second most severe punishment next to disbarment, that raises the substantive due process claim in addition to the discrimination of a class of one, ill will and malice. And the Roper-Feldman Doctrine, unlike what the lower court said, can't apply because the claim arose at the time the punishment was issued. Because that's when substantive due process claim rises, Your Honors. Now, in the district court, Judge Tarp, in his decision, he implied that the administrator made a mistake in putting on the website that Salem was dishonest to the public. He implied it's a mistake and said, well— Is there some reason why you have not sought relief under state law? Well, Your Honors, I did not—I didn't believe there was a need to go under state law. If you're talking about defamation, Your Honor, I believe this fits perfectly with the Willow case, where the government official used their power to attack their enemies. Your Honors, I've been fighting corrupt government— It would, Your Honor. Is there some reason why you have not sought state law remedies? Your Honor, I would have to get back to you on that to give you a full answer. No, you're never going to get back to us on that. If the question is here and now, is there some reason? No, I can't think of one right now, Your Honor. But I don't believe there's a reason for me not to be able to come into the federal court. Other than Paul against Davis. That is, a holding of the Supreme Court of the United States. That is a sufficient reason, one might think. Well, but, Your Honor, this case is different. The facts, I believe, are different, and I believe the substantive due process claim and the discrimination claim are very powerful here. Your Honor, let me just also explain. I follow the rhythm in games. Mr. Salem, I have a somewhat related question to ask. Yes, Your Honor. The most recent time you were here was in the state of Watar, and the bottom line of that case was that we affirmed a $20,000 fine against you for engaging in frivolous litigation over the course of years. Has that fine been paid? No, Your Honor, but that's another issue. Is there any reason why we should allow you to continue litigating when you do not pay the sanctions imposed against you? Yes, Your Honor, because the public is listening on YouTube, and because I filed a writ of main damage, this court has to consider the appearance of conflict of interest and injustice, Your Honor. And because I filed a writ of main damage, I preserved that issue here. The problem, Mr. Salem, is that all of your claims and suits are frivolous. You have been sanctioned over and over and over. You don't pay the sanctions and continue filing frivolous suits. Is there some reason why we should not enter a MAC order? Your Honor, that's false. That's a false ablament. The only one sanction that was succeeded, and that was the one with Judge Cox. But let me just say— Then there's the Pellen case where you were ordered to pay your opponent's attorney's fees, and I gather from having done a little research that you haven't done that either. Your Honor, that case is pending, and there's nothing that— Have you paid— No, I have not, Your Honor, but I believe that— So is there any reason why we should not enter a MAC order? I'm sorry. I didn't hear you, Your Honor. Is there any reason why we should not enter a MAC order? I'm not familiar with a MAC order, Your Honor. But in any event, I believe that this case is, from the public's point of view— Your Honor, I've been fighting corrupt government officials all my life since 1980. I've been succeeding most of the time. I had a chief of police and a lieutenant— In this case, though, you've raised the class of one discrimination in violation of the equal protection. So I'm just trying to wrap my mind around, how is this case that you've alleged distinguishable from defamation? Defamation is a claim, and maybe I should have brought that in, but I wasn't thinking defamation. I was thinking more, this is a government agency using its power to attack an enemy, someone who fights corruption in the government all his life, has been doing that. And so I believe that the Willow case in the class of one discrimination was more appropriate than defamation. But you know what? In retrospect, maybe I should have done that. But at this point, the class of one discrimination claim exists. The substantive due process claim, which arose when the Illinois Supreme Court imposed their punishment. And again, Your Honor, I believe it's critical for this court to uphold the— Because in the public, you have law professors and you have experienced appellate attorneys listening in on this. And so I strongly urge this court to consider requesting supplemental memorandums on pivotal issues that it believes it can use to affirm the lower court. And I see my time is up. Thank you, Your Honor. Thank you, Mr. Salem. Mr. Splitt. Good morning. May it please the court. Well, I think what I'll do is entertain questions. If you'd like me to go through the district court's reasoning, I certainly could. We believe that the district court got it right in finding that the claim, the equal protection claim, with regard to the attorney disciplinary summary, was a reasonable interpretation of the Illinois Supreme Court's order. I just don't see how that's a federal issue. It might be a state law issue. Well, with the plaintiff being, I guess, master of his complaint, then the district court tailored its analysis under an equal protection analysis. And, you know, I guess perhaps better a defamation claim, but I maybe didn't want to go off. I don't think the holding of Paul against Davis can be avoided by artful pleading. Right. I am. I was surprised that Mr. Salem didn't mention it. I'm even more surprised that the defendant didn't mention it. You have an absolutely dispositive decision of the Supreme Court and it doesn't get mentioned. I've got no real explanation for that. I raised a number of issues before the district court for dismissal and I admit that that was not one of them. So, based on what the district . . . I'm sorry, Judge Roebner. Can you explain a bit about the facts that led the ARDC hearing board to determine that Mr. Salem did not intentionally hold himself out as an attorney in Illinois, but rather did so inadvertently? Right. Yes. Sure, I can do that. There were a number of counts in the complaint against Mr. Salem. Seven, I believe. And one of them was that based on what he had been doing with his letterhead and business cards and corporate filings between 2010 and 2015 was him holding himself out to the public as an Illinois lawyer when he did not have an Illinois license. One of the counts was that he specifically did so in a case to a judge in connection with the pleadings in the case and also a letter that he sent to the judge. So, there were separate counts and we lost the count at the hearing board that his general activities between 2010 and 2015 was an example of him dishonestly holding himself out to the public as an Illinois lawyer. We won the count. We had the testimony from that judge who came in and said, yes, I was presiding over the case for 18 months. I thought he was an Illinois lawyer. It wasn't until I saw this that I learned that he was not an Illinois lawyer. So, we won that count. And that's how the facts shook down at the hearing. And so, if one understands then what happened after the hearing, you can get to the realization that Jerry Larkin's interpretation of the Illinois Supreme Court suspension order was a reasonable interpretation because we lost a lot of counts at the hearing board, but we took one count, the count, the holding himself out count, we took that to the review board and our claim was, we think this finding or failure to make the finding by the hearing board was against the manifest weight of the evidence, based on the evidence that's already been admitted in the record. And we lost the review board, but we had another shot, and we took it with the Illinois Supreme Court. And we raised a single, two-part issue, and that was, we believe it was against the manifest weight of the evidence for the hearing board to find, based on the evidence in the record, that respondent or plaintiff did not hold himself out dishonestly as an Illinois lawyer. And if the court agrees with that, we believe that the appropriate sanction is suspension for 90 days until further order of the court. As this court pointed out, respondent or plaintiff did not file an answer, in which he could have argued that we were full of it and that we didn't have a good argument, but he didn't file an answer. So what happened after that was, after the time for an answer had passed, the Illinois Supreme Court issued an order that allowed our petition for leave to file exceptions and imposed the very sanction that we had asked for. So at that point, we put together summaries of the disciplinary cases to post on the website, as is our obligation to the public by virtue of the Illinois Supreme Court's guidance. And we looked at the case, we looked how it happened. There was a single issue before the Illinois Supreme Court asking for a sanction. The Illinois Supreme Court granted that and imposed the sanction. So our interpretation was, well, they agreed with our issue, which was that the hearing board's finding, or failure to find, this holding out count was against the manifest weight of the evidence. And that's really the crux of what respondent is complaining about. Now, respondent does not understand or refuses to exceed that the Illinois Supreme Court can make that kind of review. It can look at the evidence in the record and make a determination as to whether this was sufficient for something or not. Criminal defendants, as this court knows, do it all the time. They get convicted, they bring an appeal, they're allowed to claim to this court that the evidence was insufficient to convict. There was no requirement that the Illinois Supreme Court hold any sort of evidentiary hearing. This is not any sort of thing that happens because of chicanery by the Illinois Supreme Court. It's a basic manifest weight of the evidence issue. And we won on that issue in the Illinois Supreme Court. So based on what had happened in the case, we interpreted the order, put it in the attorney disciplinary summary, and posted it on our website like we do for all orders of discipline. And that's kind of how we got here. The plaintiff is incensed that we said that he acted dishonestly, but if you understand what happened going up to the Illinois Supreme Court, that's the finding. And certainly I think the idea that this was a reasonable interpretation is borne out by the fact that the Northern District Executive Committee interpreted the order exactly the same way. When Mr. Salem went to the Executive Committee and tried to get his reciprocal disciplinary lowered, he claimed to the Executive Committee, look, the only thing I did was make an inadvertent mistake on an appearance form. And the Executive Committee said, no, no, no. If you look at what happened, just like I described to you, the Supreme Court adopted the PLE, found that you were and imposed the sanction that was requested. So we reject your interpretation that the only thing you did was inadvertent. So that's kind of where we're at. And the district court, we believe, correctly determined that plaintiff failed to show that our interpretation of the Supreme Court's order was completely irrational. And because there was a reasonable basis for it, there's no equal protection claim. If there's no further questions, thank you for your time. Thank you very much. The case is taken under, your time has expired. Your time has expired. The case is taken under advisement.